IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LUKE CASEY, | ) |
| | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| MICHAEL GROVES, | ) |
| | ) |
| and | ) |
| | ) |
| WILLIAMS TRANSPORTATION, LLC, | ) |
| Defendant. | ) |

**PETITION FOR DAMAGES**

COMES NOW, Luke Casey, by and through the undersigned counsel, and for his cause of action against Defendants Michael Groves and Williams Transportation, LLC, states, alleges and avers as follows:

**GENERAL ALLEGATIONS**

1. At all relevant times, Plaintiff was Kansas Resident.

2. At all relevant times, Defendant Williams Transportation, LLC (hereinafter, "WT"), was, upon information and belief, a Nebraska Limited Liability Company.

3. At all relevant times, Defendant Groves was an employee of WT, and a resident of Florida. Further, he was acting in the scope and course of his employment while driving for WT.

4. Because Plaintiff is pleading damages in excess of $75,000.00, and because there is complete diversity of Plaintiffs and Defendants, jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332. Venue is proper in the Western Division, as the events took place in Cass County, Missouri.

5. On or about February 4, 2020, Plaintiff was driving northbound on I-49 in Cass County,

Missouri, approaching Peculiar Way. He was in the right-hand lane.

6. Defendant Groves was driving a semi-truck/semi-tractor-trailer (hereinafter, "the semi") for Defendant WT, in the same direction, in the middle lane, and adjacent to Plaintiff's car.

7. The semi attempted to veer into Plaintiff's lane, and sideswiped him Plaintiff's car then fishtailed causing the semi to "T-bone" Plaintiff's car.

8. Groves stated he never saw Plaintiff's car.

## **NEGLIGENCE**

9. Plaintiff hereby incorporates by reference each and every allegation contained in the foregoing paragraphs as if full set forth herein.

10. At all relevant times, Defendant Groves had a duty to use the highest degree of care in operating his vehicle.

11. At all relevant times, Defendant WT had a duty to ensure that its drivers exercised the highest degree of care in operating their vehicles. This included ensuring proper licensing and training, as well as taking care to make sure that all pertinent laws and regulations were followed by its drivers.

12. To the extent Groves was negligent while employed by WT, it is liable to Plaintiff under the doctrine of respondeat superior.

13. In colliding with Plaintiff's car, as set forth above, Defendants breached the duty of care and were negligent in one or more of the following respects:

    a. Groves drove his vehicle at an excessive speed;

    b. Groves failed to keep a careful lookout;

    c. Groves failed to yield the right of way; and

    d. Groves knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened speed, sounded a warning, slackened speed and served, slackened speed and

2

Case 4:21-cv-00315-DGK   Document 1   Filed 05/07/21   Page 2 of 4

sounded a warning and/or swerved and sounded a warning, but failed to do so.

14. As a direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of the Defendants, Plaintiff sustained serious physical injuries, which are permanent and progressive in nature.

15. As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendants, Plaintiff has endured and will continue to endure significant pain and suffering.

16. As a further direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has suffered and will continue to suffer damages including, but not limited to:

   a. Past medical and hospital expenses;

   b. Future medical, hospital and life care expenses;

   c. Lost wages;

   d. Past and future emotional distress and pain and suffering; and

   e. Past and future loss of enjoyment of life.

17. All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

18. As a further direct and proximate result of the collision, which was caused by the aforementioned acts and omissions of Defendants, Plaintiff's automobile sustained significant damage.

WHEREFORE, based on the foregoing, Plaintiff prays for a judgment against Defendants in excess of $75,001.00, Plaintiff's costs and for such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial by jury on all counts and claims in this cause of action.

Respectfully submitted,

**THE LAW OFFICE OF PHILLIP M. MURPHY II**

_____/s/ Phillip M. Murphy II_____
PHILLIP M. MURPHY II            #61467
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
Phone: (913) 661-2900
Fax:    (913) 312-5841
E-mail: phillip@phillipmurphylaw.com
**ATTORNEY FOR PLAINTIFFS**

4